UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) **Civil Action No. 3:07-CV-03022 MWB** |
| v. | ) ) |
| GEORGIA-PACIFIC, LLC, | ) **COMPLAINT** ) (Jury Trial Demand) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sexual harassment, and to provide appropriate relief to Tina Hammer, who was adversely affected by such practices. As stated with greater particularity in Paragraph seven (7) below, the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC") alleges that the Defendant, Georgia-Pacific, LLC ("Georgia-Pacific") violated Title VII by subjecting Hammer to a hostile work environment, and then knowingly failing to take proper remedial action.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

2. The employment practices and actions alleged to be unlawful were committed

within the jurisdiction of the United States District Court for the Northern District of Iowa, Central Division.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times the Defendant has continuously been a company doing business in the State of Iowa, City of Fort Dodge, and has continuously had at least fifteen (15) employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the commencement of this lawsuit, Hammer filed a charge with EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a), when it subjected Hammer to sexual harassment by allowing co-workers to create a hostile working environment through unwelcome physical touching and verbal and physically threatening and offensive conduct because of her sex, and by failing to take action to prevent and end such conduct.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Hammer of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of in Paragraph 7 above were intentional.

10. The unlawful employment practices complained of in Paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Hammer.

## **PRAYER FOR RELIEF**

Wherefore, the plaintiff EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Georgia-Pacific, and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any other employment practice which discriminates on the basis of sex;

B. Order Georgia-Pacific to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hammer, and which eradicates the effects of its past and present unlawful employment practices;

C. Order Georgia-Pacific to make Hammer whole by providing appropriate back-pay for days missed from work due to the harassment, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Georgia-Pacific to make Hammer whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, in an amount to be determined at trial;

E. Order Georgia-Pacific to make Hammer whole by compensating her for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 7 above, including injury to professional reputation, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Georgia-Pacific to pay Hammer punitive damages for its malicious and reckless conduct described in Paragraph 7 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

Dated: March 28, 2007

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1801 "L" Street, N.W.
Washington, D.C. 20507

  /s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

4

   /s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney


   /s/ Deborah J. Powers
Deborah J. Powers
Senior Trial Attorney

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI  53203-2992
Phone:  (414) 297-3983
Facsimile: (414) 297-346
E-mail: deborah.powers@eeoc.gov

5