UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  ) ) )  Plaintiff, and  ) )  TINA HAMMER,  ) )  Plaintiff-Intervenor,  ) )  v.  ) )  GEORGIA-PACIFIC GYPSUM LLC, f/k/a  )  Georgia-Pacific Gypsum Corporation,  ) )  Defendants.  ) ) | Case No. 3:07-CV-3022-MWB  **CONSENT DECREE** |

On March 28, 2007, the United States Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 3:07-CV-3022-MWB (N.D. Iowa) against defendant Georgia-Pacific Gypsum LLC ("GP-Gypsum") under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1991 alleging that GP-Gypsum had violated Title VII by permitting an employee to subject his supervisor, Tina Hammer, to a sexually hostile work environment and then knowingly failing to take proper remedial action. The Complaint, which was later amended, sought injunctive relief and back pay and compensatory and punitive damages for Ms. Hammer.

On February 4, 2008, in the same action, Ms. Hammer filed a Complaint-in-Intervention, which was later amended, also seeking as back pay and compensatory and punitive damages for the alleged sexual harassment and for GP-Gypsum's termination of her employment, allegedly in retaliation for complaining about the alleged sexual harassment.

GP-Gypsum filed an Answer in which it denies that it has permitted a sexually hostile work environment or failed to take proper remedial action and all other allegations of wrongdoing in the EEOC's Amended Complaint. GP-Gypsum also filed an Answer in which it denies that it

retaliated against Ms. Hammer for complaining about alleged sexual harassment and all other allegations of wrongdoing in Ms. Hammer's Amended Complaint-in-Intervention.

To avoid further litigation and to resolve disputed claims, the EEOC, Ms. Hammer, and GP-Gypsum have agreed to this Decree to fully and finally resolve all claims which the EEOC and Ms. Hammer raised in their Amended Complaints in Civil Action No. 3:07-CV-3022-MWB (N.D. Iowa). This Decree shall be final and binding on the EEOC, on Ms. Hammer, and on GP-Gypsum, GP-Gypsum's directors, officers, agents, employees, successors, and assigns, and on all persons in active concert or participation with GP-Gypsum.

This Decree represents a negotiated compromise of disputed claims and does not constitute an adjudication of, or a finding on, the merits of the case for or against any party. This Decree may not be used by any person or entity as an admission or evidence of liability or non-liability in any proceeding other than one relating to the enforcement of this Decree. Reports and other information provided in compliance with Sections 10 and 11 of this Decree are covered by 42 USC 2000e-8 and shall not be discoverable or admissible in any civil court proceeding by any party other than the EEOC or an action relating to the enforcement of this Decree.

CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

Non-Discrimination

1.    Court's Jurisdiction. This Court has jurisdiction over the parties and the subject matter of this action.

2.    Prohibition Against Title VII Violations. GP-Gypsum will comply with the provisions of Title VII and is enjoined from engaging in any employment practice which

2

constitutes unlawful sex discrimination under Title VII. Specifically, GP-Gypsum is enjoined from allowing the creation or maintenance of sexually hostile work environments in its facilities.

3.     Compliance with Title VII.  GP-Gypsum will comply fully with all provisions of Title VII. Nothing in this Consent Decree shall be construed to limit GP-Gypsum's obligations under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against GP-Gypsum in the future, or GP-Gypsum's ability to defend against any such claims.

4.     No Retaliation.  GP-Gypsum will not retaliate against individuals who filed a charge of discrimination alleging any such action or practice; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by GP-Gypsum), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought and/or received any monetary and/or non-monetary relief in accordance with the law.

Monetary Relief

5.     GP-Gypsum agrees that, within 15 days of the full execution of this Consent Decree and Order by the Court, it will pay $75,000 to Ms. Hammer in full settlement of Ms. Hammer's sexual harassment claims against GP-Gypsum which were raised in the EEOC's Complaint and in Ms. Hammer's Complaint-in-Intervention.  In addition to this payment in settlement of Ms. Hammer's sexual harassment claims, GP-Gypsum will make a separate payment to Ms. Hammer in settlement of her retaliation claim against GP-Gypsum.  That additional payment will be made pursuant to a separate, confidential agreement between Ms. Hammer and GP-Gypsum, to which the EEOC is not a party.  GP-Gypsum shall send both payments to Ms. Hammer and her attorney of record, Beth A. Townsend, Esq., at Townsend Law Office, PLC, 939 Office Park Road – Suite 104, West Des Moines, IA 50265, and shall simultaneously provide written notification that the checks

3

have been sent to Ms. Hammer and her attorney of record to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, on the same day that it mails the checks to Ms. Hammer.

### Posting of Notice

6.    Within 10 days of the entry of this Consent Decree, GP-Gypsum shall post same-sized copies of the Notice attached as **Exhibit A** to this Decree on a non-public bulletin board in GP-Gypsum's facility in Fort Dodge, Iowa, usually used by GP-Gypsum for communicating human resources matters to employees. The notice shall remain posted for 545 days from the date on which this Decree is entered. Within 10 business days of the posting, GP-Gypsum also shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, enclosing a copy of the Notice, as signed by GP-Gypsum, and stating the dates and locations of its posting. GP-Gypsum shall ensure that the posting is not altered, defaced, or covered by other material. If the posted copy becomes defaced, removed, marred, or otherwise illegible, as soon as it has notice of such, and as soon as practical thereafter, GP-Gypsum shall re-post a readable copy in the same manner as previously specified.

### Training

7.    During the duration of this Consent Decree, GP-Gypsum shall provide the following training to managers and supervisors at its Fort Dodge, Iowa, facility:

(a)    GP-Gypsum shall provide two training sessions regarding the rights of employees under Title VII and the employer's obligations under Title VII, with an emphasis on sexual harassment, how to keep GP-Gypsum free of such discrimination, and what constitutes unlawful retaliation. One or more attorneys who specialize in employment law shall conduct the training.

(b)    The training sessions will include a live presentation by an executive, manager, or human resource professional of GP-Gypsum emphasizing GP-Gypsum's

4

commitment to providing a work environment free from unlawful discrimination and harassment.

(c)    GP-Gypsum shall first provide training in accordance with Paragraph 7(a) above no later than January 31, 2009. The second training session shall occur no later than December 31, 2009. GP-Gypsum shall provide the EEOC with copies of all written materials provided to the participants of the training sessions.

8.    In addition to the training described in Paragraph 7 above, GP-Gypsum shall provide training on or before January 31, 2009, to managers in its Human Resources Department(s) at its Fort Dodge, Iowa, facilities regarding how to conduct a prompt and effective investigation into allegations, complaints, or charges of employment discrimination. An attorney who specializes in employment law shall conduct the training. GP-Gypsum shall provide the EEOC with copies of all written materials provided to the participants of the training session.

9.    Within five business days after the training sessions have occurred, GP-Gypsum shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, certifying to the EEOC that the training has taken place and that the required personnel have attended.

Reporting

10.    For 18 months from the entry of this Consent Decree and Order, GP-Gypsum shall report the following information to the EEOC's attorneys in writing on May 31, 2009; November 30, 2009, and May 31, 2010: information relating to formal or informal complaints of sexual harassment and/or retaliation, of which management or human resources become aware, made by employees in GP-Gypsum's Fort Dodge, Iowa, facilities including a summary of the nature of the complaint or retaliation allegation, the job title of the complaining person(s) and harasser(s), and a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation. Upon the EEOC's written request, directed to Thomas E. O'Connor,

5

GEORGIA-PACIFIC LLC, 133 Peachtree Street, N.E., 42nd Floor, Law Department, Atlanta, GA 30303. GP-Gypsum will provide the name(s) and address(es) of the complaining person(s) to the EEOC within ten days of receipt of the request for such information. GP-Gypsum shall maintain all documents pertaining to such complaints for the full 18-month reporting period, and shall make such non-privileged documents available for inspection by EEOC on seven business days' written notice at a time and location to be mutually agreed upon.

### Dispute Resolution

11.    If any party to this Consent Decree believes that another party has failed to comply with any provision of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 10 business days of the alleged non-compliance and shall afford the alleged non-complying party 30 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within 30 days, the complaining party may apply to the Court for appropriate relief.

### Miscellaneous Provisions

12.    Each party to this Decree shall bear its own costs, attorneys' fees, and expenses.

13.    The terms of this Decree are and shall be binding upon GP-Gypsum's present and future representatives, agents, directors, officers, assigns, and successors, in their capacities as representatives, agents, directors, and officers of GP-Gypsum and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

14.    This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC on behalf of Tina Hammer in its Complaint and by Ms. Hammer in Civil Action No. 3:07-CV-3022-MWB and in Ms. Hammer's Complaint-in-Intervention in that action and these

6

actions are hereby dismissed with prejudice. It is the intention of GP-Gypsum and the EEOC that this release is final and shall survive the termination of this Decree.

15.    This Consent Decree shall be filed in the United States District Court for the Northern District of Iowa, and shall continue in effect for 18 months and shall terminate after this period of time without further action of the Court. Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on no less than 30 days' notice to the other party.

16.    This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

SO ORDERED, ADJUDGED, AND DECREED this *11th* day of *February* 2008.

By the Court:

_Mark W. Bennett_
Mark W. Bennett
United States District Judge

Agreed to in form and content:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
By its attorneys:

Dated: _____, 2008    *s/ Dennis R. McBride*
John C. Hendrickson, Regional Attorney
Jean P. Kamp, Associate Regional Attorney
EEOC Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL 60661
*Telephone*: (312) 353-7719
*Fax*: (312) 353-8555
*E-mail*: john.hendrickson@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov

Dennis R. McBride
Senior Trial Attorney
EEOC Milwaukee Area Office

7

310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2292
*Telephone*: (414) 297-4188
*Fax*: (414) 297-3146
*E-mail*: dennis.mcbride@eeoc.gov


PLAINTIFF-INTERVENOR TINA HAMMER
By her attorneys:

Dated: _____, 2008          s/ _____
                                   Beth A. Townsend, Esq.
                                   Townsend Law Office, PLC
                                   939 Office Park Road – Suite 104
                                   West Des Moines, IA 50265
                                   *Telephone*: (515) 276-2212
                                   *Fax*: (515) 222-2685
                                   *E-mail*: btownsend@bethtownsendlaw.com

                                   Blake Parker, Esq.
                                   Blake Parker Law Office
                                   15530 Upper Carolina
                                   St. John, VI 00830
                                   *Telephone*: (340) 227-1684
                                   *E-mail*: baparker@mchsi.com


GEORGIA-PACIFIC GYPSUM LLC
By their attorneys:

Dated: _____, 2008          s/ _____
                                   Daniel E. Turner, Esq.
                                   Lauren H. Zeldin, Esq.
                                   Teeka K. Harrison, Esq.
                                   Ashe, Rafuse & Hill LLP
                                   1355 Peachtree Street N.E. – Suite 500
                                   Atlanta, GA 30309-3232
                                   *Phone*: (404) 253-6000
                                   *Fax*:    (404) 253-6060
                                   *E-mail*:  danturner@asherafuse.com
                                             laurenzeldin@asherafuse.com
                                             teekaharrison@asherafuse.com

                                   Iris E. Muchmore, Esq.
                                   Simmons Perrine PLC
                                   115 Third Street S.E. – Suite 1200

8

Cedar Rapids, IA  52401-1266
*Phone*:  (319) 366-7641
*Fax*:     (319) 366-1917
*E-mail*:  imuchmore@simmonsperrine.com

9

## *Exhibit A*

## NOTICE TO ALL GEORGIA-PACIFIC GYPSUM FORT DODGE, IOWA, EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Georgia-Pacific Gypsum LLC ("GP-Gypsum") relating to the Fort Dodge facility.

In its lawsuit, the EEOC alleged that GP-Gypsum discriminated against employee Tina Hammer by permitting a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII is a federal law which prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII also forbids employers to retaliate against employees or applicants who oppose discriminatory employment practices, file a charge of discrimination with a government agency, or testify or participate in an EEOC investigation. In its Answer to the EEOC's lawsuit, GP-Gypsum denied the allegations asserted by the EEOC.

To avoid further litigation and resolve disputed claims, G-P Gypsum and the EEOC have entered into a Consent Decree which provides for a payment of a monetary settlement to Ms. Hammer and also provides that GP-Gypsum agrees to:

- Not tolerate, or allow any employee to engage in, sexual harassment.

- Not retaliate against any person because s/he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding.

- Train all Fort Dodge supervisors, managers, and human resources department employees regarding sex discrimination and GP-Gypsum's policies prohibiting sex discrimination.

The EEOC enforces the federal laws against employment discrimination on the basis of race, color, religion, national origin, sex, age, or disability. If you believe you have been discriminated against, you may contact any manager or Human Resources, or utilize the Company's Guideline. You may also contact the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 18 months from the date below and must not be altered, defaced or covered by any other material.**

Date: _____, 2008    By: _____
                                            Jerry Lunn, Plant Manager, Fort Dodge, Iowa
                                            Georgia-Pacific Gypsum LLC